IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ULUAMA NIUTUPUIVAHA and LUISA NIUTUPUIVAHA,<br><br>       Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A.; COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA; CHASE BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NEWYORK, RASC SERIES, TRUST HOME EQUITY MORTGAGE and DOES 1-100,<br><br>       Defendants. | CIVIL NO. 13-00172 LEK-KSC |

**ORDER GRANTING DEFENDANTS' MOTION**
**TO DISMISS FIRST AMENDED COMPLAINT**

On October 2, 2013, Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS", collectively "Defendants") filed the instant Motion to Dismiss First Amended Complaint ("Motion"). [Dkt. no. 36.[1]] Plaintiffs Uluama Niutupuivaha and Luisa Niutupuivaha ("Plaintiffs") filed their memorandum in opposition on October 28, 2013, and Defendants filed their reply on November 4, 2013. [Dkt. nos. 40, 41.] This matter came on for hearing on November 18, 2013. Appearing on behalf of Defendants was Edmund Saffery, Esq., and appearing on behalf of Plaintiffs was

---

[1] Defendants also filed an Errata to the Motion on October 2, 2013. [Dkt. no. 39.]

Bruce Jorgensen, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiffs, who were proceeding pro se at the time, filed their Complaint in the instant action on December 31, 2012 in the Circuit Court of the First Circuit, State of Hawai`i as Civil no. 12-1-3325-12, against Wells Fargo, Country Wide Home Loans, Inc. ("Countrywide"), Bank of America ("BoA"), Chase Bank ("Chase"), MERS, and New York, Rasc Series, Trust Home Equity Mortgage ("Home Mortgage").[2]  [Notice of Removal, Exh. A (Complaint).]  The Complaint alleged the following claims: (1) quiet title against all defendants ("Count I"); (2) wrongful sale of property against Wells Fargo ("Count II"); (3) fraud against all defendants ("Count III"); (4) predatory loan against all defendants ("Count IV"); (5) breach of contract against all defendants ("Count V"); and (6) improper securitization[3] against

---

[2] Besides Wells Fargo and MERS, there is no evidence that Plaintiffs served the other defendants with the Complaint or the First Amended Complaint.

[3] Although Plaintiffs titled Count VI "violation of pooling and securitization", Count VI only addressed the securitization process, not a violation of a pooling and services agreement ("PSA"), as other plaintiffs in similar cases have alleged. Defendants, however, treated Count VI as if it argued a violation of the PSA.

Wells Fargo ("Count VI").

The relevant factual allegations and procedural history in this case are set forth in this Court's Order Granting Defendants Wells Fargo Bank and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Complaint, filed July 22, 2013 ("the 7/22/13 Order" and "the First Motion to Dismiss"). [Dkt. nos. 7, 26.[4]] The 7/22/13 Order dismissed Counts IV and VI with prejudice and dismissed Counts I, II, III, and V without prejudice. This Court gave Plaintiffs leave to submit a motion to the magistrate judge seeking permission to file an amended complaint consistent with the terms of the 7/22/13 Order. 2013 WL 3819600, at *16.

Plaintiffs filed the motion on August 12, 2013, and the magistrate judge orally granted the motion on September 12, 2013. [Dkt. nos. 27 (motion), 31 (minutes of hearing).[5]] Plaintiffs filed their First Amended Complaint on September 18, 2013. [Dkt. no. 33.] The First Amended Complaint alleges the following claims: wrongful sale of property ("Amended Count I"); fraud ("Amended Count II"); and breach of contract ("Amended Count III"). The First Amended Complaint prays for the following

---

[4] The 7/22/13 Order is also available at 2013 WL 3819600.

[5] The magistrate judge filed the Order Granting Plaintiffs' Motion for Leave to File First Amended Complaint, which Plaintiffs' counsel drafted, on September 20, 2013. [Dkt. no. 35.]

relief: general, special, incidental, consequential, and compensatory damages; punitive and exemplary damages; reasonable attorney's fees and costs; prejudgment interest; and any other appropriate relief.

The factual basis of the First Amended Complaint is, for the most part, the same as the factual basis of the original Complaint, but the First Amended Complaint includes some additional details.  In addition to general information about the terms and history of Plaintiffs' loans, the First Amended Complaint includes the name of the person who allegedly negotiated Plaintiffs' refinancing loans with Countrywide and Wells Fargo/MERS, Robert Reid.  Plaintiffs allege that Reid and other employees of the lenders told them that, if they had difficulty making their monthly payments, they would be able to refinance their loans again as property values increased.  [First Amended Complaint at ¶¶ 12-13.]

Amended Count I alleges that, at the time Countrywide assigned Plaintiffs' $250,000.00 loan to BoA and Chase, "one or all of the above entities no longer existed, or otherwise did not possess valid assignments of the loan at the time a public sale of the property was conducted."  [Id. at ¶ 18.[6]]  Thus,

---

[6] The original Complaint alleged that Wells Fargo conducted a non-judicial foreclosure on Plaintiffs' property "claiming a beneficial interest in the promissory notes and mortgages and sold the property to themselves without the legal right to do so
                                                              (continued...)

Plaintiffs allege that Chase wrongfully foreclosed on that loan.

Plaintiffs also had a $150,000 loan with Defendants. [Id. at ¶ 12.] Plaintiffs allege that the foreclosure sale by Defendants was invalid because: Defendants made fraudulent representations to Plaintiffs in the foreclosure process; Defendants did not comply with Haw. Rev. Stat. Chapter 667; and in or around 2010, Defendants purchased Chase's invalid interest in Plaintiffs' loans. [Id. at ¶ 19.]

Amended Count II relies on the same allegations as the fraud claim in the original Complaint. Plaintiffs originally alleged:

> The Defendants Countrywide Home Loans and other defendants represented to Plaintiffs when they took out the loans that the equity in their home would increase and not to worry about making payments, that they could always refinance the property if need be, and after a default notice was sent, Wells Fargo Bank confirmed this and said Plaintiffs could buy the property back or refinance the property after the foreclosure sale . . . .

[Complaint at ¶ 14.] The First Amended Complaint alleges that Reid, as an agent of Countrywide and Wells Fargo, made the representation during the original loan application process that refinancing would always be available. Plaintiffs allege that Reid made this representation even though Countrywide and Wells

---

⁶(...continued)
and without valid assignments or promissory notes[.]" [Complaint at ¶ 12.]

Fargo knew, or should have known, that the representation was false and that Plaintiffs would detrimentally rely on the representation by refinancing their loans.  The First Amended Complaint alleges that Plaintiffs were not allowed to refinance their loans.  The First Amended Complaint also alleges that unidentified employees of Chase and Wells Fargo told Plaintiffs that they did not have to act upon the notice of foreclosure because they would be able to modify their loans or repurchase their property at a later time.  [First Amended Complaint at ¶¶ 23-24.]  In addition, the First Amended Complaint bases its fraud claim on Defendants' issuance of a 1099 Form for tax year 2010 in the amount of $270,457.34.  [Id. at ¶ 25.]

The First Amended Complaint bases the breach of contract claim upon the failure to comply with the requirement in Plaintiffs' loan agreement with Countrywide that the lender notify Plaintiffs of changes regarding where Plaintiffs were to send their payments or to whom Plaintiffs were to make the payments.  [Id. at ¶ 30.]  The First Amended Complaint clarifies that it was "COUNTRYWIDE, and/or its successors and assigns, including but not limited to BANK OF AMERICA, CHASE BANK and DOES 1-100" that failed to comply with this provision.  [Id.]

Defendants now seek dismissal of the First Amended Complaint.

**DISCUSSION**

Defendants first argue that Plaintiffs' claims are barred by the claim preclusion doctrine because Plaintiffs should have raised them as counterclaims in the state court ejectment action. This Court must look to Hawai`i law to determine whether the judgment in the ejectment action has preclusive effect. See Bumatay v. Fin. Factors, Ltd., Civil No. 10-00375 JMS/LEK, 2010 WL 3724231, at *4 (D. Hawai`i Sept. 16, 2010) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")). Plaintiffs, however, argue that Defendants waived the claim preclusion argument because they did not raise it in the First Motion to Dismiss.

**I.  Waiver**

Fed. R. Civ. P. 12(g)(2)[7] states, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Although Hawai`i law governs the issue of whether the ejectment action has preclusive effect, federal law governs the issue of whether Defendants

---

[7] This rule is subject to two exceptions that are inapplicable in this case.

waived claim preclusion as a defense.  See Bernardi v. Deutsche Bank Nat'l Trust Co. Americas, No. C-11-05453-RMW, 2013 WL 1334266, at *4 n.3 (N.D. Cal. Mar. 29, 2013).  The district court in Bernardi noted that, "'[c]laim preclusion is an affirmative defense which may be deemed waived if not raised in the pleadings.'"  Id. at *3 (quoting Clements v. Airport Authority of Washoe Cnty., 69 F.3d 321, 328 (9th Cir. 1995)).  As in the instant case, the defendants in Bernardi did not raise claim preclusion until the second motion to dismiss, and the plaintiffs argued that the defendants waived it pursuant to Rule 12(g)(2).  Id.

The district court in Bernardi recognized that the "defendants could have waived the defense under federal law if they acquiesced to dual proceedings."  Id. at *4 (footnote omitted).  The district court distinguished Clements, where the defendants did not raise claim preclusion until several years after the filing of the complaint and where the Ninth Circuit held that claim preclusion would have substantially prejudiced the plaintiffs.  In Bernardi, the plaintiffs were not prejudiced because the defendants raised claim preclusion in the second motion to dismiss instead of the first because, at the time the defendants filed the first motion to dismiss, the plaintiff could not have amended the state court pleadings to raise the claim they tried to raise in the federal action.  The district court

therefore ruled that the defendants did not waive the claim preclusion defense.  Id. at *5-6.

Similarly, in the instant case, less than six months passed between the filing of the First Motion to Dismiss and the filing of the instant Motion.  Further, Plaintiffs were not prejudiced by the failure to raise claim preclusion in the First Motion to Dismiss because, when Defendants filed the First Motion to Dismiss on April 19, 2013, it was already too late for Plaintiffs to raise the claims they now bring against Defendants in the instant case in the state court ejectment action.  The state court issued the Judgment and the Writ of Ejectment more than one year before Defendants filed the First Motion to Dismiss.  This Court therefore concludes that Defendants did not waive the claim preclusion defense by failing to raise it in the First Motion to Dismiss.  This Court now turns to the merits of Defendants' claim preclusion defense.

## II. Elements of Claim Preclusion

This Court has stated:

> Hawai`i state courts use the term "claim preclusion" instead of *res judicata*.  Id. at *4 n.3 (citing Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).
>
> Under Hawaii law, claim preclusion prevents a party from relitigating "not only . . . issues which were actually litigated in [a prior] action, but also . . . all grounds of claim and defense which might have been properly litigated in the [prior] action."  See Aganos v. GMAC

9

>> Residential Funding Corp., 2008 WL 4657828, at *4 (D. Haw. Oct. 22, 2008) (quoting Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).
>
> Id. at *4 (alterations in original).
>
> As the parties asserting claim preclusion, the Moving Defendants have the burden of establishing that: "'(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.'" Id. at *5 (quoting Bremer, 104 Haw. at 54, 85 P.3d at 161).

Ounyoung v. Fed. Home Loan Mortg. Corp., 2012 WL 5880673, at *4 (D. Hawai`i Nov. 21, 2012) (quoting Radford v. U.S. Bank N.A., No. CV 10-00766 LEK-KSC, 2011 WL 4054863, at *7 (D. Hawai`i Sept. 9, 2011) (alterations in Radford)).

**A.   Final Judgment**

According to the docket sheet in the ejectment action, the state circuit court granted summary judgment in favor of Wells Fargo on February 29, 2012 and issued a Judgment and a Writ of Ejectment on the same day.  Plaintiffs could have appealed from the order granting summary judgment, the judgment, and the writ of ejectment.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai`i 32, 35, 265 P.3d 1128, 1131 (2011) (respondent filed notice of appeal following judgment of possession which, *inter alia*, ordered that writ of possession be issued); Miyasaki v. Frank's Auto Paint, Inc., No. 29959, 2010 WL 3819571, at *1 (Hawai`i Ct. App. Sept. 29, 2010) (appeal from

10

summary judgment orders, judgment of possession/ejectment, and writ of possession/ejectment).

Plaintiffs, however, did not file a notice of appeal within thirty days from the entry of judgment.  See Haw. R. App. P. 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").  In March 2013, Plaintiffs moved for a stay of the Writ of Ejectment pending the resolution of the instant case.  Such a stay, however, does not extend the time for Plaintiffs to file an appeal from the Judgment.  The Court therefore finds that there was a final judgment in the ejectment action for purposes of Defendants' claim preclusion defense.  See Radford, 2011 WL 4054863, at *8.

### B.   Identity of the Parties

Second, in order for claim preclusion to apply, the parties in the instant case must be the same as the parties in the ejectment action, or they must be in privity with the parties in the ejectment action.  See id.  This factor is met as to Plaintiffs and Wells Fargo because they were parties in the ejectment action.  See id. (some citations omitted) (citing Albano v. Norwest Fin. Haw., 244 F.3d 1061, 1064 (9th Cir. 2001) (finding the "same parties" prong of the res judicata test "pellucid" where the same parties to the state foreclosure proceeding appeared in a federal action)).

11

MERS was not a party to the ejectment action.[8]  This Court, however, has recognized that:

> Under Hawai`i law, the concept of privity has moved from the conventional and narrowly defined meaning of mutual or successive relationship[s] to the same rights of property to merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res judicata.

Id. at *9 (alteration in Radford) (quotation marks and some citations omitted) (citing In re Dowsett Trust, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (Haw. App. 1990)).  Based on the allegations in the First Amended Complaint, this Court finds that the relationship between Wells Fargo and MERS is close enough to establish privity between them.  See, e.g., First Amended Complaint at ¶ 15 ("WELLS FARGO/MERS conducted a non-judicial foreclosure of the property and then purchased the property on or around March 23, 2010 in the amount of $106,206." (emphasis in original)).  This Court therefore finds that the identity of the parties requirement is satisfied as to both Defendants.

**C.  Identical Claims**

The final requirement for claim preclusion is that the claim that was decided in the ejectment action must be identical to the one presented in the instant case.  See Radford, 2011 WL

---

[8] This Court will not consider Countrywide, BoA, or Chase in the claim preclusion analysis because Plaintiffs never completed service on them.  The First Amended Complaint did not include Home Mortgage as a defendant.

4054863, at *9.

> "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." Kauhane v. Acutron Co., 71 Haw. 458, 464, 795 P.2d 276, 279 (1990) (citing Restatement (Second) of Judgments § 24 (1982)). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." Id. Moreover, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'" Albano [v. Norwest Fin. Hawaii, Inc.], 244 F.3d [1061,] 1064 [(9th Cir. 2001)] (citations omitted); see also Bremer, 104 Haw. at 53, 85 P.3d at 160 (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

Id. (alterations in Radford) (citation omitted).

The ejectment action and the instant case involve the same series of connected transactions, *i.e.*, Plaintiffs' alleged default on their loan with Defendants, the foreclosure on the property, and the purported new title-holder's attempt to take possession of the property. Although Plaintiffs' current claims challenging Wells Fargo's title to the property were not actually litigated or decided in the ejectment action, because Plaintiffs could have raised these claims in the ejectment action, this Court finds that the identical claims requirement of the claim preclusion doctrine is satisfied. See Radford, 2011 WL 4054863, at *9 (citing Albano, 244 F.3d at 1064; Bremer, 104 Haw. at 53,

13

85 P.3d at 160).

This Court finds that all of the requirements of the claim preclusion doctrine are satisfied as to Defendants, and therefore all of Plaintiffs' claims against Defendants in the instant case are barred by the claim preclusion effect of the ejectment action.  This Court expresses no opinion as to the merits of Plaintiffs' claims against Countrywide, BoA, and Chase. Insofar as all of Plaintiffs' claims against Defendants are barred, Plaintiffs have failed to "state a claim to relief that is plausible on its face."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Further, dismissal with prejudice is appropriate because Plaintiffs cannot cure this defect through any amendment.  See Radford, 2011 WL 4054863, at *11.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Dismiss First Amended Complaint, filed October 2, 2013, is HEREBY GRANTED, and this Court HEREBY DISMISSES all of Plaintiffs' claims against Wells Fargo and MERS WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 26, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ULUAMA NIUTUPUIVAHA, ET AL. V. WELLS FARGO BANK, ET AL; CIVIL NO. 13-00172 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**